UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BENJAMIN McMILLAN, JR.,

                                       Plaintiff,

-vs-

C.O. T. THOMPSON, C.O. M. MORGAN,
C.O. J. LONG and C.O. S. LARRAHEE,

                                       Defendants.

DECISION and ORDER

20-CV-6386 CJS

_____

## INTRODUCTION

Benjamin McMillan ("McMillan" or "Plaintiff") is an inmate of the New York State Department of Corrections and Community Supervision ("DOCCS") who maintains that Defendants, who were employed by DOCCS, violated his rights under the Eighth Amendment to the United States Constitution by subjecting him to excessive force. Now before the Court is Defendants' motion for summary judgment. (ECF No. 33). The application is granted.

## BACKGROUND

Unless otherwise indicated the following are the facts of the case viewed in the light most-favorable to Plaintiff. On May 28, 2020, Plaintiff was confined at Elmira Correctional Facility ("Elmira")[1] in the Special Housing Unit ("SHU"). Plaintiff was handcuffed and being escorted down a hallway by the defendant corrections officers. Plaintiff maintains that he did nothing to provoke the officers, but that C.O. Thompson ("Thompson") nevertheless put him in a choke-hold and "slammed" him onto the floor. Plaintiff alleges that Thompson held him in the chokehold

---

[1] The Amended Complaint indicates that the incident took place at Marcy Correctional Facility, but the original Complaint indicates that it was at Elmira, the exhibits submitted by Defendants similarly indicate that the incident took place at Elmira and Plaintiff testified at deposition that the incident took place at Elmira. Accordingly, it appears that the repeated references to Marcy in the Amended Complaint were typographical errors attributable to the fact that Plaintiff was housed at Marcy when he filed the Amended Complaint.

1

for a "few minutes," during which C.O. Morgan ("Morgan"), C.O. Long ("Long") and C.O. Larrahee ("Larrahee") stood nearby and failed to intervene. Plaintiff alleges that Defendants then transported him to a hospital, where he was treated for injuries to his eye, jaw and knee. Plaintiff contends that he has lingering problems from the incident, including a jaw fracture and lumps on his head and knee.

On June 9, 2020, Plaintiff commenced this action proceeding *pro se*. On July 23, 2020, Plaintiff filed the operative Amended Complaint using a form complaint for Section 1983 actions. The pleading alleges that Defendants violated Plaintiff's Eighth Amendment rights by using excessive force against him and/or by failing to intervene. The pre-printed complaint form contained language asking whether Plaintiff had exhausted his administrative remedies by filing a grievance or appeal. Plaintiff answered in the affirmative, though stating, "The Dept. Supt. told Albany to investigate. I did not get no action yet."

On September 16, 2021, Defendants filed the subject motion for summary judgment along with the required *Irby* notice to *pro se* litigants. Defendants maintain that they are entitled to summary judgment because Plaintiff did not exhaust his administrative remedies before commencing this action as required by 42 U.S.C. § 1997e(a). In support of this contention, Defendants have submitted an affidavit from an employee of DOCCS Central Office Review Committee ("CORC") who indicates that there is no record of Plaintiff either having filed an inmate grievance concerning the incident on May 28, 2020 or having completed an appeal. Defendants have also submitted a similar affidavit from an official at Elmira indicating that there is no record of any grievance or correspondence from Plaintiff relating to this incident.

During Plaintiff's deposition he indicated that he sent a "complaint letter" about Defendants to Deputy Superintendent White, who told him that "Albany was going to interact on

2

that and find out what – investigate these four officers," but he never heard anything further. Pl. Deposition at pp. 31, 58.  Plaintiff also testified that he sent an actual inmate grievance to "the lady" at the "grievance department" but nothing further happened. *Id*. at 58-59, 92-93.

Defendants alternatively indicate that they did not use excessive force, and in support of that contention they have submitted a video recording of the incident purportedly showing that the incident occurred after Plaintiff became irate during a disciplinary hearing and began spitting, kicking a door and threatening to spit on staff, and then, after he was removed from the hearing, attempted to spit on C.O. Long, who, along with Thompson, used reasonable force to restrain Plaintiff until Morgan could place a spit shield on him.  Defendants have also submitted an affidavit from Long explaining the incident and maintaining that Plaintiff's version of the facts is demonstrably false and that the use of force was necessary and reasonable.

At his deposition, Plaintiff disputed that version of events and indicated that he did not act was not in the manner alleged by Defendants.  For example, Plaintiff stated that he did not turn his head to spit on the officers, but that he had merely turned his head to ask the officers to loosen his handcuffs when in response they suddenly they took him to the ground. Pl. Dep. at pp. 39-40.

On October 19, 2021, the Court issued a Motion Scheduling Order (ECF No. 34) directing Plaintiff to file and serve any response by November 26, 2021.  To date, Plaintiff has not filed a response.

APPLICABLE LEGAL PRINCIPLES

<u>Plaintiff's *Pro Se* Status</u>

Plaintiff is proceeding *pro se*.  Accordingly, the Court has construed his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).

Rule 56

Defendants have moved for summary judgment pursuant to Fed. R. Civ. P. 56.  Summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "[T]he movant must make a *prima facie* showing that the standard for obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir.1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249.  The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993 (1962). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993).

Exhaustion of Administrative Remedies

A prison inmate is required to exhaust his administrative remedies *before* asserting a federal claim in federal court complaining about prison conditions. *See*, 42 U.S.C.A. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

For purposes of 42 U.S.C. § 1997e(a), New York inmates in the custody of DOCCS are required to pursue their administrative grievances using New York's Inmate Grievance Program:

> As an inmate of the New York State Department of Corrections and Community Supervision ("DOCCS"), Plaintiff was required to submit his grievances through the New York DOCCS' Inmate Grievance Program ("IGP"). The IGP has a three-tiered process for adjudicating complaints: "(1) the prisoner files a grievance with the Inmate Grievance Resolution Committee ('IGRC'), (2) the prisoner may appeal an adverse decision by the IGRC to the superintendent of the facility, and (3) the prisoner then may appeal an adverse decision by the superintendent to the Central Office Review Committee ('CORC')." *Espinal v. Goord*, 558 F.3d 119, 125 (2d Cir.2009) (citing 7 N.Y. Comp.Codes R. & Regs. § 701.7 (1999)).

*Dabney v. Pegano*, 604 F. App'x 1, 3 (2d Cir. Feb. 1, 2015). However, despite this general requirement,

> [p]risoners are exempt from the exhaustion requirement when administrative remedies are unavailable. An administrative procedure is unavailable when (1) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) it is so opaque that it becomes, practically speaking, incapable of use; or (3) prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Amaker v. Bradt*, 745 F. App'x 412 (2d Cir. Dec. 19, 2018) (citations and internal quotation marks omitted).

If administrative remedies were "available" to the inmate plaintiff, then he must have "properly" exhausted his remedies:

> Proper exhaustion demands compliance with a prison grievance system's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

*Williams v. Correction Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378 (2006), internal quotation marks omitted).

## DISCUSSION

Here, the Court finds that Defendants are entitled to summary judgment pursuant to 42 U.S.C. § 1997e(a) since Plaintiff did not properly exhaust his administrative remedies using the grievance procedures that were available to him.  In that regard, Plaintiff contends that he sent a letter to the deputy superintendent at Elmira[2] and also attempted to file an actual grievance with the inmate grievance clerk.  Although, Plaintiff curiously did not mention attempting to file a grievance when asked in the form complaint about his attempts to exhaust his administrative remedies.  Nor does the record indicate what specific information may have been contained in the letter or grievance that would have put officials at Elmira on notice of the claim alleged in this action.[3]

Nevertheless, assuming *arguendo* that Plaintiff filed an adequate grievance and received no response, such fact does not defeat Defendant's summary judgment motion, since he still could have followed the available procedures to administratively exhaust his claim. *See, e.g., Girard v. Chuttey*, 826 F. App'x 41, 45, n. 1 (2d Cir. 2020) ("Girard presented an affirmation that

---

[2] It is not clear from the deposition transcript that such letter was actually about the incident complained of in this action, as  Plaintiff indicated that he had sent a letter to the deputy superintendent about these defendants prior to this incident.

[3] Plaintiff has not submitted copies of whatever he may have sent to the deputy superintendent or the grievance clerk at Elmira.  Nor is it clear from the deposition transcript that either the letter to Deputy Superintendent White or the grievance pertained to the specific incident that is the subject of this action or provided sufficient detail. *See, Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) ("Consistent with PLRA objectives, we have held that inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures.") (citation and internal quotation marks omitted)

could be interpreted to assert that he filed, or attempted to file, additional grievances with the Inmate Grievance Resolution Committee ("IGRC") at Auburn. On appeal, however, he abandons this issue by failing to address it in his opening brief.  In any event, if the IGRC failed to timely respond to a grievance, the grievance procedures would have permitted Girard to appeal to the Superintendent, and there is no evidence that Girard took that step, as would have been required to exhaust administrative remedies. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.6(g)(2).");  *see also, Cicio v. Wenderlich*, 714 F. App'x 96, 97–98 (2d Cir. 2018) ("We conclude that Cicio failed to exhaust his administrative remedies. The parties agree that Cicio received no response to the grievance he purportedly filed. When a prisoner has filed a grievance, but receives no response, the regulations provide a right of appeal.  N.Y. Comp. Codes R. & Regs. tit. 7, §§ 701.5(b)(2)(ii) (providing that clerk must schedule a hearing "within 16 calendar days after receipt of the grievance"), 701.6(g)(2) (providing that "matters not decided within the time limits may be appealed to the next step"). Because Cicio did not exercise his right of appeal, he did not exhaust the available administrative remedies. Accordingly, the PLRA bars the instant action.").  Plaintiff does not contend that those remaining administrative exhaustion remedies were unavailable to him.

Because the Court finds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) it does not consider Defendants' alternative argument for summary judgment.

CONCLUSION

Defendants' motion for summary judgment (ECF No. 33) is granted and this action is dismissed.  The Clerk of the Court is directed to close this action.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and

leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: Rochester, New York
February 24, 2022

ENTER:

CHARLES J. SIRAGUSA
United States District Judge